*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER WEBSTER, Personal Representative of
the ESTATE OF DESIREE CHASE,

UNPUBLISHED
March 9, 2023

        Plaintiff-Appellee,

v

No. 359534
Wayne Circuit Court
LC No. 20-004689-NH

STARFISH FAMILY SERVICES, JENAI
WILLIAMS, M.S.W., ANGELA BRENZ, M.S.W.,
MARISA FARINACCI NICELY, M.S.W.,
NAIMAH ADDIE JEFFERSON, M.S.W., KIRSTEN
MACK, CHRISTINA FAY GRIM, L.L.P., DAVID
CARDINAL, JR., JESSICA BRZYS, SHIRLY
MORGAN, STACY WOODS, GLORIA GIBSON,
and SIEGLINDE LINDY HENDRICKS,

        Defendants,
and

JAMES CHASE, JR.,

        Appellant.

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

M. J. KELLY, J. (*concurring*).

I concur with the majority and write separately to explain specifically why I cannot conclude that the trial court committed clear error by failing to award appellant, James Chase, Jr., any of the proceeds from the wrongful death settlement.

The distribution of the proceeds in this case is governed by statute and is before us as a result of wrongful death of Desiree Chase, who was seventeen years of age when she tragically died of a drug overdose. She was a troubled young woman who had a mother and father as well as other family members. The record, as I read it, shows without question that she was loved by

her family and I have no doubt that they are all in sorrow and have suffered the loss of her society and companionship.

While Chase did not have custody of Desiree and may have been absent from portions of her life, I believe it would be unjust to denounce him as a "dead-beat dad" or say that he had no relationship with her. He did. There were ups and downs, frustrations and disappointments as is the case with nearly every parent/child relationship. One need not be crowned "Father-of-the-Year" in order to have suffered the loss of society and companionship of their deceased child.

If the trial court had been asked to make a fair and just distribution based upon the facts and circumstances as presented to the court at the contested hearing on the distribution of the proceedings and awarded Chase zero, I would conclude that that was clear error. But that is not what happened. Chase originally pleaded that he was entitled to 50% of the distribution and then increased that figure to 75%. He stuck to this 75% demand in his pleadings filed in this Court. And a demand it was. As noted by the majority, his appellant lawyer was asked directly during the oral argument in this Court if it was his position that the trial court committed clear error by not awarding Chase 75% of the proceeds and he responded affirmatively.

Thus, the question before us is not whether the court committed clear error by awarding Chase zero. Rather, the question is whether the trial court clearly erred by not awarding him 75% of the settlement proceeds. To this, I conclude that the award was not clearly erroneous and I join the majority in affirming the trial court.

/s/ Michael J. Kelly